IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT FRAZIOR DENTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-1243-DGW-SCW |
| ) | |
| AIR & LIQUID SYSTEMS CORPORATION,) et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the court are Motions pursuant to Rule 5(c)(1)(B) filed by Defendants Essex Specialty Products, LLC, Ethyl Corporation, Graybar Electric Company, Inc., Honeywell, Inc., The Dow Chemical Company, and Union Carbide Corporation (Docs. 352, 452) and the Motion to Consolidate Discovery filed by Plaintiff (Doc. 731). The Motions are **GRANTED**.

**Federal Rule of Civil Procedure 5(c)(1)(B)**

Pursuant to the Hearing held on June 13, 2014, certain Defendants have submitted a proposed order, and the Standing Orders of the state courts that handle asbestos litigation in this District, related to the "institution of denials" allowed by the Federal Rules. Rule 5(c)(1) provides:

> **In General.** If an action involves an unusually large number of defendants, the court may, on motion or on its own, order that:
>
> ***
>
> (B) any crossclaim, counterclaim, avoidance, or affirmative defense in those pleadings and replies to them will be treated as denied or avoided by all other parties . . . .

This seldom used Rule only applies to pleadings and does not excuse the filing of papers with the court or service upon Plaintiff.  This case, as in other cases that raise claims related to asbestos exposure, generally is filed against dozens of Defendants who tend to file similar pleadings that include identical affirmative defenses, crossclaims, and counterclaims.  Defendants also tend to file similar responses to these claims.  It is not until discovery has begun that a vast majority of Defendants are dismissed, some with prejudice.  It would accordingly be economical for the Court to deem crossclaims, counterclaims, avoidance, and affirmative defenses as being denied and avoided as to all other Defendants.  Defendants' Motion seeking such relief is **GRANTED** (Doc. 352, 452).

Attached to this Order is a proposed Order/stipulation generated by certain defendants, in a similar case pending before the Court, *Mohler v. Air & Liquid, et al.*, 3:13-cv-1221-DGW-SCW, that is **ADOPTED** herein as if fully set forth except with respect to the following paragraphs:

> 4. That all crossclaims are deemed severed from Plaintiff's action for both discovery and separate trial, pursuant to Federal Rules of Civil Procedure 21, 13(i), and 42(b);
>
> 5. That Defendants reserve the right to file additional crossclaims and affirmative defenses against one another no later than 60 days prior to trial in the severed action;
>
> 6. That upon Plaintiff's voluntary dismissal of any Defendant, or the Court's dismissal of all of Plaintiff's claims against any Defendant, the remaining Defendants' crossclaims are deemed dismissed without prejudice as to the dismissed Defendant pursuant to Federal Rule of Civil Procedure 41(c); if, however, a remaining Defendant wishes to maintain its crossclaim against the dismissed Defendant, it must assert its crossclaims within 21 days of the dismissal.

It does not appear to be efficient to sever crossclaims into a new action.  As noted above, Defendants each will essentially be asserting the same crossclaims, counterclaims, and/or affirmative defenses.  The list of Defendants also will likely be whittled down to only a few

Defendants against whom this case will proceed to trial. Therefore, it does not appear efficient to sever the crossclaims of all Defendants into a wholly new lawsuit when it is likely that most of those claims will be dismissed by operation of Orders in this suit. It also appears inefficient to compel Defendants to engage in discovery at this stage of the proceedings on these crossclaims both because a majority will not go to trial and because most of these crossclaims appear to raise legal, as oppose to factual, issues. Therefore, the Court **STAYS** discovery on the crossclaims. This matter currently has February 28, 2015 deadline for the amendment of pleadings and a discovery deadline of September 12, 2015. This matter is set for a telephonic status conference on **April 1, 2015 at 2:00 p.m**. Plaintiff shall initiate the conference call by conferencing in all parties and then calling the Court at 618-482-9004. At that conference, the parties should be prepared the discuss discovery on the crossclaims and the potential for separate dispositive motions on those claims.

Any additional Defendant, who has entered an appearance, who wishes to join in the attached stipulation must do so by **September 5, 2014** by filing a Notice with the Court. Any other Defendant who wishes to join in the attached stipulation must file a Notice with the Court on the date that their Answer is due. As noted in the Scheduling Order (Doc. 700), dismissal of a party automatically results in dismissal of the cross/counter claims made by or against that party unless an objection is filed within 5 days of the motion to dismiss.

**Consolidated Discovery**

At the June 13, 2014 hearing, Plaintiff suggested that discovery in this matter be consolidated in order to conserve resources and promote efficiency. Pursuant to that request, Plaintiff filed a Motion to Consolidate Discovery (Doc. 731) to which certain Defendants filed a response (Doc. 895). The parties agree that:

> 1. Defendants have twenty-one (21) days from the date of the Court's order on the subject to draft a standardized/consolidated set of interrogatories and requests for production and serve those sets of written discovery on Plaintiff.
>
> 2. Once served, Plaintiff will respond to Defendants' standardized/consolidated set of interrogatories and requests for production within twenty-one (21).
>
> 3. Each Defendant then has twenty-one (21) days after receipt of Plaintiff's answers and responses to the standardized/consolidated set to serve additional interrogatories on Plaintiff per Federal Rule of Civil Procedure 33 (an additional twenty-five interrogatories, including all discrete subparts). There is no limit on additional requests for production that can be served on Plaintiffs (which is consistent with the Federal Rules of Civil Procedure).

The Court finds this approach to be efficient and consistent with Federal Rule of Civil Procedure 26 and **ORDERS** that the procedure be employed in this matter as to all Defendants.

**IT IS SO ORDERED.**

**DATED: August 21, 2014**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**