IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BILLIE DENTON, *Individually and as Special Administrator for the Estate of ROBERT F. DENTON, Deceased*,

      Plaintiff,

vs.

AIR & LIQUID SYSTEMS CORPORATIONS, *et al.*,

      Defendants.

Case No. 13-cv-1243-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Exxon Mobile Corporation's ("Exxon") Motion to Dismiss Plaintiff's First Amended Petition (Doc. 1136). Plaintiff Billie Denton has filed her response (Doc. 1193) to which Exxon replied (Doc. 1209). For the following reasons, the Court grants the motion.

Plaintiff alleges decedent Robert F. Denton ("Decedent") was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers from products manufactured, sold, distributed, or installed by Exxon. Plaintiff alleges no facts indicating Decedent's injuries arose from Exxon's activities in Illinois. Exxon filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) arguing this Court lacks personal jurisdiction and 12(b)(6) arguing Plaintiff has failed to state a claim. Because the Court concludes it lacks personal jurisdiction over Exxon, it need not address Exxon's Rule 12(b)(6) argument.

In her response, Plaintiff concedes that Decedent did not work with Exxon's products in Illinois. Plaintiff, however, argues that jurisdiction exists because Exxon has "substantial contacts with the state of Illinois," including the maintenance and operation of the Joliet Refinery in Channahon, Illinois (Doc. 1193, p. 2).

Here, because no material facts are in dispute, the Court may rule on Defendant's motion absent an evidentiary hearing. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712-13 (7th Cir. 2002). Where a court rules on a Rule 12(b)(2) motion on paper, the plaintiff "need only make out a *prima facie* case of personal jurisdiction." *Id.* at 713.

In diversity cases, a district court has personal jurisdiction over a defendant "who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). Illinois' long-arm statute allows the exercise of jurisdiction to the full extent permitted under the Due Process Clause. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Accordingly, a district court sitting in Illinois must inquire whether the "defendant has certain minimum contact with [the State] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011)). Personal jurisdiction may be either specific or general. *Daimler AG*, 134 S. Ct. at 701-03.

Specific jurisdiction arises where an out-of-state "defendant has 'purposefully directed' his activities at residents of the forum, *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984), and the litigation results from alleged injuries that 'arise out of or relate to those activities' *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984)." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Here, Plaintiff concedes that Decedent's alleged injuries do not arise out of or relate to Exxon's contacts with Illinois. As such, this Court lacks specific personal jurisdiction.

General jurisdiction arises over a foreign corporation "when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear*, 131 S. Ct. at 2851. With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m] . . . bases for general jurisdiction." *Daimler AG*, 134 S. Ct. at 760 (quoting Brilmayer *et al*, A General Look at General Jurisdiction, 66 Texas L. Rev. 721, 735 (1988)).

A foreign corporation, however, may be "at home in the forum State" where its "continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit." *International Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)); *see also Perkins v. Benguiet Consol. Mining Co.*, 342 U.S. 437 (1952) (general jurisdiction appropriate in Ohio over Philippine corporation where the company's affairs were overseen in Ohio during the war).

Here, Plaintiff does not contend that Exxon is incorporated in or maintains a principal place of business in Illinois.  Further, Plaintiff has provided no facts that would indicate that Exxon's affiliation with Illinois is "so continuous and systematic as to render" it at home in Illinois.  Plaintiff merely asserts that discovery will indicate that Exxon has a presence in Illinois including a refinery.  The Supreme Court, however, has made it clear that the mere presence of a defendant in the forum does not subject it to all-purpose jurisdiction in that forum.  *See Daimler AG*, 134 S. Ct. at 752, 762 (finding no general jurisdiction over a foreign corporation where a subsidiary, whose actions were assumed attributable to the corporation, had multiple facilities and a regional office in the forum state).  Accordingly, Plaintiff has failed to make out a *prima facie* case of personal jurisdiction.

For the foregoing reasons, the Court **GRANTS** Exxon's Motion to Dismiss (Doc. 1136) and **DISMISSES** Plaintiff's claims against Exxon without prejudice.

**IT IS SO ORDERED.**

**DATED:** February 19, 2015

                                                s/ Staci M. Yandle
                                                **STACI M. YANDLE**
                                                **DISTRICT JUDGE**